IRA D. SWINGLE, doing business as THE NEW SMYRNA NOVELTY WORKS, v. THE WESTERN UNION TELEGRAPH COMPANY.

177 So. 299.

Division B.

Opinion Filed November 24, 1937.

*E. W. Gautier* and *Rasco & Gautier,* for Plaintiff in Error;

*Francis R. Stark* (New York) *Erskine W. Landis* and *Hull, Landis & Whitehair,* for Defendant in Error.

PER CURIAM.—The second count of the second amended declaration after alleging matters of inducement contains the following:

"The defendant promised to transmit carefully for the plaintiff * * * the following message, to-wit:

"EMERSON LUMBER COMPANY,
"EUSTIS, FLORIDA.

"47 CASEMENT SASH 47 SCREENS 8 FRENCH DOORS ALL CYPRESS STOP FOURTEEN 2 PANELED FIR DOORS 140 FEET STOOL 20 SPINDLES FOR $310.50 FREIGHT ALLOWED.

"NEW SMYRNA NOVELTY WORKS.

"And the plaintiff paid the said defendant the said forty cents, and all conditions were performed and all things happened and all time elapsed necessary to entitle the plaintiff to have said message carefully and correctly transmitted and delivered by the defendant as aforesaid, yet defendant did not carefully or correctly transmit to the said G. W. Emerson the said message as aforesaid, and by the carelessness and negligence of the defendant, its agents or employees, transmitted to the said G. W. Emerson another and different message, to-wit:

"Emerson Lumber Company
"Eustis, Florida

"47 casement sash 47 screens 8 french doors all cypress stop fourteen 2 paneled fir doors 140 feet stool 20 spindles for $130.50 freight allowed.

"New Smyrna Novelty Works.

"(And the said message of plaintiff being to inform the said G. W. Emerson, with whom plaintiff was then negotiating for the sale by plaintiff to him of said specified mill work, at the price at which plaintiff would sell the said G. W. Emerson such mill work in Eustis, Florida; that upon receipt of the said message which the defendant negligently and carelessly transmitted to the said G. W. Emerson, the said G. W. Emerson wired the plaintiff the following message, to-wit:

"New Smyrna Novelty Works
"New Smyrna, Florida.

"I accept your estimate come tuesday to recheck job bring sample hardware.

"G. W. Emerson.

"That on, to-wit, the 25th day of March, A. D. 1935, the plaintiff did deliver to the said G. W. Emerson the hereinbefore specified mill work; that the said G. W. Emerson refused and still refuses to pay the plaintiff the amount of $310.50 by reason that the plaintiff contracted and agreed with him to furnish the said mill work at the price transmitted to him by the defendant, to-wit, $130.50; that by reason of the said change and error in the said message, which was so transmitted by the said defendant as aforesaid, the plaintiff lost $180.00 by furnishing the said G. W.

Emerson the said specified mill work; that the said plaintiff would have collected the full amount of $310.50 if the said first mentioned message had been carefully and correctly transmitted by defendant as aforesaid, to the damages of plaintiff in the premises of $180.00, plus interest thereon, at the rate of eight per cent per annum, after the 25th day of March, A. D. 1935, wherefore, plaintiff brings this suit.)"

The court overruled a demurrer to the second amended declaration and granted a motion to strike portions of each count as indicated by the parenthesis as used in the quotation from the second count of the second amended declaration. After striking portions of each count of the declaration as stated, the defendant moved for a dismissal of the action on the ground that the declaration after portions thereof were stricken showed the only amount recoverable, the cost of the message 40c, is below the jurisdiction of the court in a law action. The following order was entered by the court:

"It is * * * ordered and adjudged that said motion be and the same is hereby granted, and this cause be and the same is hereby dismissed at the cost of the plaintiff."

The plaintiff took writ of error.

Counsel for plaintiff in error, in the brief, states the question involved to be:

"Is a telegraph company, which has incorrectly transmitted a prepaid message, liable to the sender for the actual amount of damage sustained by him as a proximate result of the incorrect transmission, when the amount of damage exceeds the sum paid for the transmission of the message?"

The ruling of the court on the original and the first amended declarations are not assigned as error.

In substance the declaration alleges that the message delivered to the defendant telegraph company by the sender plaintiff offered to furnish stated building material denominated "special mill work" for $310.50, but the message delivered stated the amount as $130.50 instead of $310.50; that the buyer accepted the "estimate," and plaintiff seller delivered the "special mill work"; that the buyer refused and refuses to pay "$310.50 by reason that the plaintiff contracted and agreed with him to furnish the said mill work at the price transmitted to him by the defendant, to-wit, $130.50; that by reason of the said change and error in the said message, which was so transmitted by the said defendant as aforesaid, the plaintiff lost $180.00 by furnishing the said G. W. Emerson the said specified mill work; that the said plaintiff would have collected the full amount of $310.50 if the said first mentioned message had been carefully and correctly transmitted by defendant as aforesaid, to the damage of plaintiff in the premises of $180.00," etc.

The company contends that it is not liable for more than forty cents paid for transmitting the message because the plaintiff sender of the message should have refused to furnish the material for less than $310.50, and that he was not legally required to deliver for less, therefore he was not injured more than forty cents.

The second amended declaration *does not show* that the sender of the message knew of the error in the *delivered* message *before* he delivered the material to the addressee of the message. The words in the acceptance telegram, "Come Tuesday to recheck job. Bring sample hardware," reasonably could have been construed by the seller as having reference to measurements and quality of the material and not to its price, the price not being mentioned in the

acceptance telegram. The sender reasonably could have assumed that the price was correctly stated in the telegram as delivered. And likewise the addressee of the telegram reasonably could have assumed that the price stated in the telegram he received was correct.

In view of the fact that the second amended declaration shows that only the defendant was negligent in the premises, and *does not show* that the plaintiff sender of the original telegram knew of the error made in transmitting the message, in time to protect himself against the demand of the addressee of the message for performance at the smaller price; and as the rule in this State is that the defendant telegram company is liable in damages for injury or loss to either the sender or the addressee of a message incorrectly transmitted, the court erred in striking portions of the declaration that do not wholly fail to state a cause of action against the defendant. Sec. 6347 C. G. L.; Western Union Telegraph Co. v. Milton, 53 Fla. 484, 43 So. 495. The addressee of the message was not injured by the error in the message as delivered; and the sender of the message being proximately damaged by the erroneous transmission of the message, and it not appearing by the second amended declaration that the plaintiff knew of the error in transmission when he could have refused and that it was his legal duty to refuse to deliver the material for the lower price when it could have been done without loss or injury to himself, the liability of the defendant appears on the face of the second amended declaration. The original and the first amended declarations were not made a part of the second amended declaration.

The motion to strike parts of the declaration and to dismiss the action should have been denied.

Reversed for appropriate proceedings.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.